# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFERY BRIDGES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00550-TWP-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND GRANTING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Jeffery Bridges' ("Mr. Bridges") Motion for relief pursuant to 28 U.S.C. § 2255. For the reasons explained in this Entry, the motion must be **denied** and the action dismissed with prejudice. The Court concludes that no evidentiary hearing is necessary because "the motion and the files and records of the case conclusively demonstrate that the petitioner is not entitled to relief." 28 U.S.C. § 2255. However, the Court finds that a certificate of appealability may issue.

## I. THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred

which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th -Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2017, Mr. Bridges was charged in an indictment with four counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery"). *United States v. Bridges*, 1:17-cv-156-TWP-TAB-1 ("Crim. Dkt.") (Dkt. 3.) On April 24, 2018, Mr. Bridges agreed to plead guilty as charged, pursuant to Fed. R. Crim. P. 11(c)(1)(B). (Crim. Dkt. 25.) The parties did not agree to a specific sentence, but the Government agreed to ask for a sentence within the advisory guideline range found by the Court, while Mr. Bridges could argue for any sentence he believed to be appropriate. *Id*. ¶ 9.

Mr. Bridges agreed to waive his right to appeal his conviction and sentence. *Id.* ¶ 17, 22, 23. The parties stipulated to a recommended advisory guideline range of 29 based on a base offense level of 32, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(b)(3) and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). *Id*. ¶ 21.

A presentence report was completed and filed with the Court on June 19, 2018. (Crim. Dkt. 28.) The presentence report found that the base offense level for each count was 20 pursuant to U.S.S.G. § 2B3.1(a), four levels were added for the multiple counts, pursuant to U.S.S.G. § 3D1.4 providing for a combined adjust offense level of 24. *Id.* ¶¶ 14-41. Because Mr. Bridges was found to have at least two prior felony convictions for crimes of violence, his offense level was increased to 32, pursuant to § 4B1.1(b)(3). *Id.* ¶ 42. Three levels were subtracted for acceptance of responsibility, leaving Mr. Bridges with a total offense level of 29. *Id.* ¶¶ 43-45.

Based upon a total offense level of 29 and a criminal history category of VI, Mr. Bridges' advisory sentencing guideline range was 151 to 188 months imprisonment. The Court considered the factors under 18 U.S.C. § 3553(a); and sentenced Mr. Bridges below the guidelines to 140 months in prison to be followed by three years of supervised release. The Court noted that the below guideline variance was within the guideline range if the defendant were not to have received the career offender enhancement. Mr. Bridges did not appeal. He then filed this motion for relief pursuant to 28 U.S.C. § 2255.

### III. **DISCUSSION**

Mr. Bridges challenges his sentence arguing that his underlying convictions for Hobbs Act Robbery do not qualify as crimes of violence to support his treatment as a career offender under § 4B1.1 of the U.S.S.G. Section 4B1.1 provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Mr. Bridges argues that because Hobbs Act Robbery does not qualify as a crime of violence for purposes of the guidelines, his lawyer was ineffective for failing to challenge his career offender enhancement under the guidelines.[1]

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–

---

[1] The United States responds to this contention arguing in part that Mr. Bridges' sentence was enhanced based on his prior Indiana robbery convictions, not on his Hobbs Act Robbery. But the guideline provision at issue states that enhancement is warranted if "*the instant offense* of conviction is a felony that is … a crime of violence." U.S.S.G. § 4B1.1 (emphasis added). Here, the "instant offense" is Hobbs Act Robbery and Hobbs Act Robbery must therefore be a crime of violence for it to qualify Mr. Bridges for the career offender enhancement.

3

94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Bridges contends that his counsel was ineffective for failing to challenge the career offender enhancement under the U.S.S.G. by arguing that Hobbs Act Robbery is not a crime of violence. "In the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance entitling the defendant to relief." *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) (citations omitted). But counsel is "not ineffective for failing to anticipate a novel argument, even if a more clever lawyer might have spotted it on the horizon." *United States v. Rezin,* 322 F.3d 443, 446–47 (7th Cir. 2003). The Seventh Circuit has not held that Hobbs Act Robbery does not qualify as a crime of violence under the U.S.S.G. and has only very recently suggested that such an argument would not be frivolous. *United States v. Tyler*, 780 F. App'x 360, 363 (7th Cir. 2019), *reh'g denied* (Aug. 22, 2019), *cert. denied*, 140 S. Ct. 819 (2020). Accordingly, the Court cannot find that Mr. Bridges' counsel was ineffective for failing to challenge his designation as a career offender.

## IV. CONCLUSION

For the reasons explained in this Order, Jeffery Bridges is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his Motion for relief pursuant to § 2255 (Dkt. [1]) is **DENIED** and this action is **DISMISSED with prejudice**. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:17-cv-156-TWP-TAB-1.** The motion to vacate, (Crim. Dkt. [48]), shall also be **terminated** in the underlying criminal action.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Mr. Bridges' argument that Hobbs Act robbery is not a crime of violence under the guidelines is based on a 2018 Sixth Circuit case. The Seventh Circuit has said maybe that is correct, but has not definitively decided the issue. *See United States v. Tyler*, -- F. App'x ---, 2019 WL 2724335, at *2 (7th Cir. July 1, 2019). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court does not find that Mr. Bridges has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **grants** a certificate of appealability.

SO ORDERED.

Date: 3/20/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffery Bridges #15924-028
LEAVENWORTH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 1000
Leavenworth, Kansas  66048

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov